# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-30774

_____

United States Court of Appeals
Fifth Circuit

**FILED**

May 13, 2024

Lyle W. Cayce
Clerk

Andre Johnson,

*Plaintiff—Appellant*,

*versus*

Tyrone Kelly; Willie Washington, *Lieutenant*,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:20-CV-186

_____

Before Stewart, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Andre Johnson, Louisiana prisoner # 375946, seeks to proceed in forma pauperis (IFP) on appeal from the denial of his Federal Rule of Civil Procedure 59(a) motion for a new trial following the jury-trial dismissal of his 42 U.S.C. § 1983 suit. In his amended § 1983 complaint, Johnson alleged that the named defendants, two officers at the Louisiana State Penitentiary (LSP), unnecessarily and maliciously sprayed him with large amounts of a chemical

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

agent and then subsequently covered up their excessive uses of force in concert with a third officer.

Through his IFP motion, Johnson challenges the district court's determination that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry, therefore, "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

"A district court can grant a new trial if it finds the verdict was against the weight of the evidence, . . . the trial was unfair, or prejudicial error was committed in its course." *In re DuPuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 784 (5th Cir. 2018) (internal quotation marks, brackets, and citation omitted). We review the denial of a motion for a new trial under Rule 59(a) for an abuse of discretion. *Id.*

Johnson does not substantively address, and has therefore abandoned any challenge to, the denial of a new trial based upon his purported need for certain LSP logbooks. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Because, prior to his trial in the district court, Johnson expressly abandoned his reliance upon any video footage captured by LSP tier cameras, we do not consider his argument that his need for such footage entitles him to a new trial. *See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Ctrs., Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000); *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). Although he asserts that the district court gave a deficient spoliation instruction to the jury regarding the unavailability of footage from body cameras worn by the defendants and the third officer, his assertions are devoid of any citation to supporting legal authority and are

entirely conclusory. *See Yohey*, 985 F.2d at 225; Fed. R. App. P. 28(a)(8)(A).

Johnson fails to identify a nonfrivolous issue regarding whether the district court abused its discretion by denying his Rule 59(a) motion for a new trial. *See In re DuPuy Orthopaedics,* 888 F.3d at 784; *Howard*, 707 F.2d at 220. Accordingly, we DENY the IFP motion and DISMISS the appeal as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5th Cir. R. 42.2.

Our dismissal of the appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Additionally, the district court has dismissed at least three prior suits by Johnson as frivolous or for failure to state a claim. *See Johnson v. Hardy*, No. 19-856-SDD-SDJ, 2022 WL 17330457, 1 (M.D. La. Nov. 29, 2022); *Johnson v. Jackson*, No. 21-71-JWD-EWD, 2022 WL 17070526, 1 (M.D. La. Nov. 17, 2022); *Johnson v. Rheams*, No. 20-00814-BAJ-RLB, 2022 WL 6250490, 1 (M.D. La. Oct. 7, 2022); § 1915(e)(2)(B)(i)-(ii); 28 U.S.C. § 1915A(b)(1).

As he now has more than three strikes, Johnson is BARRED from proceeding IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). He is also WARNED that any pending or future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction may subject him to additional sanctions, and he is DIRECTED to review all pending matters and move to dismiss any that are frivolous, repetitive, or otherwise abusive.